JOSEPH BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 3943-90
United States Tax Court
T.C. Memo 1991-255; 1991 Tax Ct. Memo LEXIS 298; 61 T.C.M. (CCH) 2832; T.C.M. (RIA) 91255; June 6, 1991, Filed *298 Decision will be entered under Rule 155. Joseph Brown, pro se. Emile L. Hebert, III, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 1,373.00 in petitioner's Federal income tax for the taxable year 1987 and additions to tax under section 6653(a)(1)(A) of $ 68.65 and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the amount of the underpayment due to negligence. After concessions by the parties, [2] the issues remaining for decision are: (1) Whether petitioner is entitled to four claimed dependency exemptions for 1987, (2) whether petitioner is entitled to claim head of household filing status for 1987, and (3) whether petitioner *299 is liable for additions to tax under section 6653(a)(1)(A) and (B). Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioner resided in New Orleans, Louisiana, at the time he filed his petition. For convenience, we have combined our findings of fact and opinion by issue. The first issue for decision is whether petitioner is entitled to claim four dependency exemptions for 1987. During 1987, Joseph Brown (petitioner) was employed full-time as a waiter at Brennan's Restaurant (Brennan's) in New Orleans, Louisiana. Petitioner earned wage and tip income totaling $ 11,844.00 from Brennan's. Petitioner reported that amount *300 on his 1987 Federal income tax return. Sometime in 1987, petitioner moved into his mother's residence located at 2827 St. Anthony Street in New Orleans. Petitioner's mother, Dolores Brown (Mrs. Brown), rented the St. Anthony house for $ 375.00 per month. Petitioner testified that he paid the monthly rent, telephone service, and utilities during 1987. Petitioner estimated that he spent $ 40 per month for telephone service and $ 90.00 per month for utilities. During 1987, Mrs. Brown received food stamps totaling $ 185 per month. She also received welfare assistance. Petitioner has three children: Joseph Norman Brown, Jozelle Michelle Kelly, and Katrina Kelly (the children). During 1987, the children resided with petitioner and Mrs. Brown or the childrens' maternal grandmothers. Petitioner estimated that the children lived with him for approximately one-half of the 1987 taxable year. On his 1987 Federal income tax return, petitioner claimed dependency exemptions for Mrs. Brown and his three children. Respondent, in his statutory notice of deficiency, disallowed the claimed dependency exemptions. The determination of respondent, as contained in his statutory notice of deficiency, *301 is presumed to be correct. Petitioner bears the burden of proving that respondent erred in his determination. ; Rule 142(a). Section 151(c)(1) allows taxpayers an exemption for dependents as defined in section 152. Section 152(a)(1) defines a son, daughter, or mother of a taxpayer as a dependent if the taxpayer provided "over half" of the support for such son, daughter, or mother during the taxable year. Petitioner argues that he provided most of the support for the children and Mrs. Brown in 1987. In order to show that he provided more than one-half of the purported dependent's support, a taxpayer must first demonstrate by competent evidence the total amount of support furnished by all sources for that year. If the amount of total support is not shown, or cannot reasonably be inferred from the competent evidence, then we must conclude that the taxpayer did not furnish more that one-half of the support. . Petitioner in this case has presented no evidence, other than his unsubstantiated general testimony, that he provided more than one-half *302 of the support for the children and Mrs. Brown. We are not required to accept petitioner's self-serving testimony as gospel. . Consequently, petitioner has failed to carry his burden of proof. We sustain respondent's determination on this issue. The next issue for decision is whether petitioner is entitled to a head of household filing status for 1987. Petitioner claimed head of household filing status on his 1987 return. Section 2(b) provides that an individual shall be considered head of household if he is not married at the close of the taxable year, and maintains as his home a household which constitutes for more than one-half of the taxable year, the principal place of abode of a person who is a dependent of the taxpayer, provided the taxpayer is entitled to a deduction for such person under section 151. Because we have held that petitioner is not entitled to deductions for his three children and Mrs. Brown under the provisions of sections 151 and 152, petitioner is not entitled to head of household filing status. Therefore, respondent's determination on this issue is sustained. The final issue for decision *303 is whether petitioner is liable for additions to tax under section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(1)(B) imposes a further addition to tax in an amount equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence has been defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner bears the burden of proving that he was not negligent. ; Rule 142(a). Petitioner has failed to carry his burden of proof on this issue. Accordingly, respondent's determination is sustained. To reflect the concession made by respondent, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner claimed in his petition an overpayment of income tax in the amount of $ 386.00 for the 1987 taxable year. Petitioner presented at trial no evidence on this issue. It is therefore deemed conceded by petitioner. Respondent conceded the unreported income issue of $ 2,350.00 for the 1987 taxable year.↩